UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICK J. DUCRE                                    CIVIL ACTION

VERSUS                                             NUMBER: 12-2506

BURL CAIN, WARDEN                                  SECTION: "B"(4)

ORDER AND REASONS

Before the Court is Patrick Ducre's (Petitioner) petition pursuant to 28 U.S.C. § 2254 for writ of habeas corpus. Respondent filed an answer and memorandum in opposition to the petition. Petitioner filed a traversal to Respondent's answer and the petition was referred to Magistrate Judge Roby. She issued a Report and Recommendation on October 21, 2013, wherein she recommended that the petition be denied and dismissed with prejudice. Petitioner filed timely objections to portions of the Magistrate's ruling on October 30, 2013.

For the reasons enumerated below, **IT IS ORDERED** that the Magistrate's Recommendation and Report (Rec. Doc. No. 14) is **ADOPTED** and the instant habeas petition is **DISMISSED WITH PREJUDICE**[1].

Causes of Action and Facts of Case:

The petition arises out of Petitioner's incarceration in Louisiana State Penitentiary in Angola, Louisiana. (Rec. Doc. No.

---

[1] We are grateful for work on the case by Aida Almasalkhi, a University of Louisville Louis D. Brandeis School of Law Extern with our Chambers.

3). Petitioner was charged in a two count bill of information with, Count one, possession of marijuana with intent to distribute in violation of La. Rev. Stat. Ann. § 40:966 for an incident which occurred on April 17, 2007, and Count two, possession of marijuana, second offense, in violation of La. Rev. Stat. Ann. § 40:966 for an incident which occurred on April 19, 2007. Petitioner was convicted of both counts, adjudicated as a third felony offender, and sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence on each count.

The record reflects that, at about 11:30 P.M. on April 17, 2007, two police officers made a traffic stop of a vehicle driven by Petitioner after he failed to stop at a stop sign. (Trial Tr. at 157). Petitioner's girlfriend was in the front seat, and Roger Brock was seated in the back seat with the dog. (Trial Tr. at 363). Petitioner exited the vehicle with his hands in the air asking why he had been stopped. (Trial Tr. at 160). While one officer spoke to Petitioner, the second officer approached the open driver's side window and leaned his head in to speak with its passengers. (Trial Tr. at 161). The officer saw a portion of a plastic storage bag containing six smaller plastic bags of suspected marijuana protruding from underneath the driver's seat. *Id*. The officer pulled the bag out from underneath the seat and instructed the other officer to restrain

Petitioner on the ground. (Trial Tr. at 162). Petitioner took flight into the woods and escaped. *Id*.

On April 19, 2007, officers arrived at an animal shelter where Petitioner was attempting to retrieve his dog after he fled from police. (Trial Tr. at 164). St. Tammany Parish Sheriff's Deputies ultimately arrested Petitioner. (Trial Tr. at 165). Before transporting Petitioner to the jail, a pat-down search was conducted and a small packet of suspected marijuana was seized from Petitioner's pants' pocket. (Trial Tr. at 175). On April 22, 2008, the trial court denied Petitioner's motion to suppress the evidence. The jury subsequently found Petitioner guilty of attempted possession with intent to distribute marijuana as a lesser included offense, and guilty as charged on count two for the second offense possession of marijuana.

The Louisiana First Circuit Court of Appeal affirmed Petitioner's convictions, multiple offender adjudication and sentence on count one, but vacated the sentence on count two and remanded to the trial court.[2] The Petitioner was resentenced on count two to five years imprisonment. The Louisiana Supreme Court denied Petitioner's writ application and the U.S. Supreme

_____

[2] The sentence for the second count was vacated because the Petitioner was subject to a sentence of imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence for a first conviction pursuant LSA-R.S. 15:529.1A(1)(b)(1). His original sentence was therefore illegal. *State v. Ducre*, No. 429638 at 18 (LA 1st Cir. 2008).

Court denied his petition for certiorari. *Ducre v. Louisiana*, 560 U.S. 942 (2010).

Petitioner signed an application for post conviction relief on October 26, 2011, which was filed with the state district court. The application was denied. The Louisiana First Circuit Court of Appeals affirmed Petitioner's sentence as to count two, thirty days after which his sentence became final for the purposes of The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) because he did not seek rehearing or file for review in the Louisiana Supreme Court. *Butler v. Cain*, 533 F.3d 314 (5th Cir. 2008) (citing *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in the appeal process)). Petitioner signed another application for post-conviction relief on March 31, 2011, which was filed with the state district court. By order of May 4, 2011, the trial court summarily denied as meritless Petitioner's ineffective assistance of counsel claims. The court also denied as procedurally improper challenges to the habitual offender proceedings, which were not appropriate for post-conviction review. On May 20, 2011, the court further dismissed Petitioner's claim regarding the right to a jury trial in a habitual offender proceeding.

The Louisiana First Circuit Court of Appeal denied Petitioner's writ application without stated reasons. The Louisiana Supreme Court denied Petitioner's subsequent writ application, in which he raised all of his post-conviction claims, without stated reasons on August 22, 2012. Petitioner then filed the instant petition for writ of habeas corpus on September 26, 2012.

<u>Law and Analysis</u>:

I. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to this petition. The threshold question under the statute is whether the petition is timely and whether the Petitioner has exhausted state court remedies. Further, it must be determined whether "procedural default" applies to a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-420 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The doctrine of procedural default states that if a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for dismissal, the prisoner has procedurally defaulted his federal habeas claim. *Id*. A procedural default also occurs when a prisoner fails to exhaust available state remedies and "the court to which the Petitioner would be required to present his claims in order to

meet the exhaustion requirement would now find the claims procedurally barred." *Id.* (*citing Coleman v. Thompson*, 502 U.S. 722, 731-32 (1991).

On the merits, the AEDPA standard of review is governed by § 2254(d) and Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000). Different standards exist for questions of fact, questions of law, and mixed questions of law and fact.

A state court's determinations of questions of fact are presumed correct and the court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2) (2006). The AEDPA also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing" burden placed on a petitioner who attempts to overcome that presumption. *Id.* at § 2254(e)(1).

A state court's determinations of questions of law and mixed questions of law and fact are reviewed under §2254(d)(1). The standard provides that deference be given to the state court's decision unless the decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the Supreme Court. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

A state court's decision can be "contrary to" federal law if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court has on a materially indistinguishable set of facts. *Williams*, 529 U.S. at 405-06, 412-13. A state court's decisions can involve an "unreasonable application of federal law if it either: (1) correctly identifies the governing rule but then applies it unreasonably to the facts; or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." *Williams*, 529 U.S. at 406-408, 413. When analyzing an unreasonable application of law to fact in this context, the Court need not determine whether the state court's reasoning was sound, rather "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). Furthermore, it is Petitioner's burden to show that the state court applied the law to the facts of his case in an "objectively unreasonable manner." *Price v. Vincent*, 538 U.S. 634 (2003) (*citing Woodford v. Visciotti*, 537 U.S. 19, 24-25).

III. Magistrate's Report and Recommendation

A district court reviewing a Magistrate Judge's Report and Recommendation may accept all sections of the Report not

objected to by either party, as long as those sections are not clearly erroneous. Fed. R. Civ. P. 72(b); *Gilkers v. Cain*, 2006 WL 1985969 (E.D. La. May 30, 2006). Here, neither Petitioner nor Respondent has objected to the portions of the Report concerning the following claims: that the State erred in filing a multiple bill for imposition of a mandatory life sentence without a grand jury indictment; that the trial court erred in overruling defendants' objection to the sentences as excessive; that his counsel was ineffective for failing to raise double jeopardy during the sentence enhancement proceedings; and that Louisiana's habitual offender laws are unconstitutional where they allow enhancement of a sentence based on facts not determined by a jury. Those portions of the Report are not clearly erroneous, and we adopt them as factually and legally sound.

The only matters left to be considered are the objections made by Petitioner to the Report concerning his claims 1, 2, 3, 4, 5a, 6a-d, and 9. (Rec. Doc. No. 15). Petitioner's motion was timely filed, and he has exhausted available state court remedies. However, many of Petitioner's claims are in procedural default. Petitioner has not objected to claims that the Magistrate Judge found to be procedurally barred from federal review, and only objects to the Report's finding on the merits of his remaining claims. The remaining claims concern the trial

court's error in denying the defendant's motion to suppress evidence, the trial court's error in admonishing the jury concerning prosecutor's remarks, the insufficiency of evidence, the trial court's error in overruling defendants' objection to the sentences as violative of double jeopardy, the ineffective assistance of counsel claims, and the claim regarding the deprivation of his right to confrontation. (Rec. Doc. No. 3). Because objections were filed to that portion of the Magistrate's Report, the Court undertakes an independent review of the facts and considers the matter de novo. Fed. R. Civ. P. 72(b). After conducting its de novo review, the Court adopts the Magistrate's report as it relates to the claims to which objections were made.

<u>Motions to Suppress (Claims 1 and 2)</u>

Petitioner alleges that the trial court erred in denying his pretrial motions to suppress evidence seized from his car and from his pocket without warrants and without probable cause in violation of the Fourth Amendment. However, this Court cannot reach the merits of this claim because Fourth Amendment violations are generally not cognizable on federal habeas review. *Stone v. Powell*, 428 U.S. 465, 481 (1976). *Stone* held that where the state has provided an opportunity for "full and fair" litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas

corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. *Id.* at 482. Furthermore, the Fifth Circuit has held that the *Stone* bar applies despite an error by the state court in deciding the merits of the Fourth Amendment claim. *Swicegood v. Alabama*, 577 F.2d 1322, 1324-25 (5th Cir. 1978).

Here, Petitioner has had full and fair litigation of his Fourth Amendment claims. Petitioner does not allege or demonstrate that Louisiana state courts "routinely or systematically" preclude litigation of a defendant's Fourth Amendment claims. *Williams v* Brown, 609 F.2d 216, 220 (5th Cir. 1980). On the contrary, he recognizes that his Fourth Amendment claims were addressed in the state courts in the pretrial proceedings and on direct appeal. (Rec. Doc. No. 3 at 3). The record reflects that Petitioner had ample opportunity to raise Fourth Amendment claims both pretrial and on direct appeal, and those opportunities were seized by his counsel.

Petitioner argues in his objection that full and fair litigation cannot be found where there is ineffective assistance of counsel. (Rec. Doc. No. 15 at 3). The Supreme Court has held *Stone's* restriction on federal habeas review does not extend to Sixth Amendment ineffective assistance of counsel claims leased primarily on incompetent representation with respect to a Fourth Amendment issue. *Kimmelman v. Morrison*, 477 U.S. 365 (1986). The

Supreme Court has also held that when Petitioner's Sixth Amendment claims are distinct from his Fourth Amendment claims, this distinction will serve for purposes of determining whether restriction of federal habeas review of Fourth Amendment claims announced in *Stone* apply. *Id*. Fourth and Sixth Amendment claims are distinct when the nature and requisite elements of proof of each are distinct. *Id*.

Here, Petitioner's ineffective assistance of counsel claims are distinct from his Fourth Amendment claims challenging admission of evidence, as none of Petitioner's claims enumerated in the petition include that counsel was ineffective in representing him in Fourth Amendment litigation. Rather, Petitioner's ineffective assistance of counsel claims are limited to contending that his counsel was ineffective in failing to file a motion to quash, failing to call an expert rebuttal witness, failing to pursue previous objections, failing to object to the State's use of facts other than those charged, and failing to raise double jeopardy objections. None of these claims are in connection with a motion to suppress. Furthermore, The nature and requisite elements of these claims are different and distinct from the nature and requisite elements from showing a Fourth Amendment violation, and therefore, the claims are distinct.

However, under a broad reading of Petitioner's objections to the Magistrate's Report, he now claims that the ineffective assistance of counsel precluded his ability to obtain full and fair litigation of his Fourth Amendment claim, and the *Stone* bar should not apply pursuant to *Kimmelman*. This claim is made by Petitioner for the first time in the objections to the Magistrate's Report. (Rec. Doc. No. 15 at 3). This is presumably an attempt by Petitioner to amend his original habeas petition. A court may remand to a Magistrate when objections to a Report and Recommendation reveal that a previously held procedural bar may not apply. *See Fautner v. Quarterman*, 3-06-CV-0060-M, 2006 WL 3347915 (N.D. Tex. Nov. 17, 2006). This Court, therefore, has the ability to remand the new claim arising from Petitioner's objections to the Magistrate.

However, the issue of timeliness of such an amendment must still be examined. The objections were filed on October 30, 2013. (Rec. Doc. No. 15). Construing these objections as an amendment, it would not be timely within the AEDPA's one-year limitation period, because the limitations period began to run in November 2011. Further, raising new issues in objections does not automatically amend a habeas petition: a petitioner must "spell out its arguments squarely and succinctly," and accordingly, a party's entitlement to de novo review before the district court does not entitle it to raise issues at that stage that were not

adequately presented to the Magistrate Judge. *Cupit v. Whitley*, 28 F.3d 532, 535 n. 5 (5th Cir. 1994)(*citing Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-991 (1st Cir. 1988)).

Amendments made to habeas petitions relate back only when the original and amended petitions state claims that are tied to a common core of operative fact. *Mayle v. Felix*, 545 U.S. 644, 664 (2005). In this case, the claims do not arise out of a common core of operative fact. Petitioner's Fourth Amendment claims have already been argued. Petitioner contended before the Magistrate that police officers illegally searched and seized evidence from his car and on his person on incidents that occurred in April of 2007. Petitioner's Sixth Amendment claims, as explained above, have nothing to do with any Fourth Amendment claims. Petitioner's new claim brought up in his objections share operative facts with neither the Fourth Amendment claims nor the Sixth Amendment claims set forth in the petition. Petitioner's new claim would require a showing of facts that would be wholly separate in time and kind from any claims stated in his original petition. Therefore, the Petitioner cannot make an amendment that would be timely through relation back.

The Court is able to equitably toll the limitations period if the petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 632 (2010)(*citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner has not shown either of these in his objections, and he should not be entitled to an opportunity to do so because he has not filed an amendment. The limitations period cannot be tolled.

Therefore, Petitioner is not entitled to relief on his new claim. Petitioner's ineffective assistance of counsel claims and his Fourth Amendment claims are wholly independent of one another, and Petitioner is not entitled to relief on his Fourth Amendment claims.

Admonishing the Jury (Claim 3)

Petitioner alleges that he was denied due process when the trial court failed to admonish the jury to disregard the prosecution's improper opening remarks. The statements made by the prosecutor were, in pertinent part: "...The defendant's fall guy, Roger Brock, has executed now an affidavit which you will be allowed to see. It's a fill in the blank affidavit, four pages in length, which you may find to be ludicrous on its face." (Trial Tr. at 351). The prosecutor goes on to summarize the contents of the affidavit, coloring it as untrustworthy. *Id*. Petitioner complains that the trial court erred in failing to admonish the jury to disregard the comments after overruling

14

defense counsel's request to strike the comments. The Respondent did not respond to this issue.

Federal courts do not sit to review the propriety of state court evidentiary rulings, unless the proceedings violate due process such that the violation renders the criminal proceeding fundamentally unfair. *Lisenba v. California*, 314 U.S. 219, 223 (1941). The question as to Petitioner's third claim is then only whether there has been a violation of his due process rights.

Claims alleging a violation of due process under the Fourteenth Amendment present a mixed question of law and fact. *Wilkerson v. Cain*, 233 F.3d 886, 890 (5th Cir. 2000). Louisiana law sets forth the circumstances in which a specific admonition must be issued to the jury.

> ...[T]he court shall promptly admonish the jury to disregard a remark made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial or of such a nature with it might create prejudice against the defendant, or the state in the mind of the jury: (1) when the remark is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770, or (2) when the remark is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark is within the scope of Article 770. La. Code Crim. P. art. 771.

The Louisiana courts did not find that the prosecutor's remarks were irrelevant, immaterial, or prejudicial under La. Code Crim. P. art. 771. Petitioner has not offered anything to establish that these findings were contrary to, or an unreasonable

application of, federal law. Petitioner has also failed to meet his burden to do so through his objections to the Magistrate's Report. This Court should agree with the Magistrate that the record does not indicate that the state court erred or that the prosecutor's opening statements had an inappropriate prejudicial impact on the verdict to trigger due process review.

Further demonstrating the court's actions did not prejudice Petitioner, the court made a general admonition that opening statements are not evidence: "The opening statements and closing arguments are not to be considered as evidence." (Trial Tr. 474). Petitioner has also failed to show that the lack of a specific admonition more than this general admonition rendered his trial fundamentally unfair. See Lisenba, 314 U.S. 219. Because Brock did testify in front of the jury, and both Petitioner and Respondent were able to examine him, it cannot be said that Petitioner did not receive a fair trial in light of prosecutor's remarks concerning Brock's affidavit. (R. at 444-52). Therefore, Petitioner is not entitled to relief on his third claim.

<u>Insufficiency of Evidence (Claim 4)</u>

Petitioner next argues that the evidence presented by the Respondent was not sufficient to support the verdict of attempted possession of marijuana with intent to distribute. The Louisiana First Circuit reviewed the evidence and testimony and found that a rational trier of fact could have excluded every

16

reasonable hypothesis and chosen to find certain witnesses more credible than others. *State v. Richardson*, 459 So.2d 31, 38 (La. App. 1 Cir). The Louisiana First Circuit determined that the evidence was sufficient to establish each element of the crime as required by *Jackson v. Virginia*, 443 U.S. 307 (1979). (Rec Doc. No. 3 at 5).

*Jackson* is the appropriate standard for determining the sufficiency of evidence and requires a court to determine, whether, after viewing the record and the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime to be proven beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. Claims of insufficient evidence present mixed questions of law and fact. *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008). Therefore, the Court must give deference to the state court's findings unless the decision was contrary to or involved an unreasonable application of *Jackson*. *Gilley v. Collins*, 968 F.2d 465 (5th Cir. 1992). On federal habeas review, *Jackson* only examines whether the trier of fact made a rational decision to convict or acquit, rather than whether the trier of fact made the correct determination. *Herrera v. Collins*, 506 U.S. 390, 402 (1993).

Petitioner was convicted of attempted possession of marijuana with intent to distribute. To prove this, the

Respondent must prove beyond a reasonable doubt that the defendant knowingly and intentionally possessed the marijuana and the requisite intent to distribute it. *State v. Fobb*, 91 So.3d 1235 (La. App. 3d Cir. 2012). The attempt element is defined in La. Rev. Stat. Ann. § 14:27 which provides that "any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object." Based on the record, a rational trier of fact could have concluded that Petitioner knew the drugs were under his seat and that the drugs were packaged and in a quantity indicative of an intent to distribute. *See Illinois v. Wardlow*, 528 U.S. 119 (2000). A rational jury could have also concluded that his flight into the woods was because he knew the drugs had been discovered. Petitioner has failed to show that the state court's denial of relief on this issue was contrary to, or an unreasonable application of, *Jackson* on any of the elements of his conviction.

Petitioner's objections to the Magistrate's Report are based on the erroneous assumption that only one person can be in possession of marijuana and that because Brock had already been convicted of possession of the same marijuana, then it would be irrational to conclude that he, too, was in possession of the marijuana. (Rec. Doc. No. 15 at 4). Possession of marijuana can be established by actual physical possession or constructive

possession. *State v. Kelly*, 800 So.2d 978 (La. App. 5th Cir. 2001). A person can be found in constructive possession of a controlled substance if the State can establish that he had dominion or control over the narcotics, even in the absence of physical possession. *State v. Major*, 888 So.2d 798 (La. 2004). One of the factors in considering constructive possession is the relationship, if any, with the person in actual possession. *Id*. Therefore, more than one person can be in possession, and in this case, even if Brock was in actual possession, a rational trier of fact could still find that Petitioner was then in constructive possession because of his association with Brock, the physical possessor. Petitioner is not entitled to relief on this claim.

Multiple Offender Sentences and Double Jeopardy (Claim (5(a))

Petitioner's claim 5(a) alleges that the state trial court erred in relying on the same two predicate offenses to enhance both of his sentences to life imprisonment, including one without the benefit of parole, probation, and suspension of sentence. Petitioner argues that this is a violation of double jeopardy.[3]

---

[3] The Court should note that Petitioner is no longer serving a life sentence for the second count, second offense of possession of marijuana. He was resentenced to five years concurrent with the other sentence on remand. Thus, the double jeopardy claim as to that sentence is moot.

Double jeopardy claims present a mixed question of law and fact. *Carlile v. Cockrell*, 51 F. App'x 483 (5th Cir. 2002). The Double Jeopardy clause of the Fifth Amendment protects an individual against three types of exposure: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). The Fifth Circuit has held that a State does not offend double jeopardy if it sentences a defendant as a habitual offender more than once. The State may "use the same prior conviction to enhance sentences on more than one subsequent conviction." *Sudds v. Maggio*, 696 F.2d 415, 417 (5th Cir. 1983). Thus, the mere fact that the same convictions may have been used to enhance more than one sentence is not a double jeopardy concern. Petitioner is not entitled to relief on this claim.

<u>Ineffective Assistance of Counsel (Claims 6(a)-(d))</u>

Petitioner's claims of ineffective assistance to counsel 6a-d allege that his counsel failed to (a) file a motion to quash after Brock confessed to the ownership and was convicted, (b) call an expert to rebut the state's expert, (c) pursue prior objections when the Court deferred ruling, and (d) object to the State's use of facts other than those charged to pursue the verdict. The Respondent again asserts that Petitioner has failed

to establish that the denial of relief on this issue was contrary to federal law.

The issue of ineffective assistance of counsel is a mixed question of law and fact. *Richards v. Quarterman*, 566 F.3d 533, 561 (5th Cir. 2009). The Supreme Court's holding in *Strickland v. Washington*, 466 U.S. 668 (2009) established a two-prong test for evaluating claims for ineffective assistance of counsel in which the Petitioner must prove deficient performance and prejudice therefrom. The Petitioner has the burden of proving this deficiency by a preponderance of the evidence. *Montoya v. Johnson*, 226 F.3d 399, 408 (5th Cir 2000).

To prevail on the deficiency prong, Petitioner must demonstrate that counsel's conduct failed to meet the constitutional minimum guaranteed by the Sixth Amendment. In order to prove prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Furthermore, the Petitioner must affirmatively prove, and not just allege, prejudice. *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009). Thus, conclusory allegations of ineffective assistance of counsel, with no showing of effect on the proceedings, do not raise a constitutional issue sufficient to support federal habeas relief. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

Scrutiny of counsel's performance under the AEDPA is "doubly deferential." *Cullen v. Pinholster*, 131 S. ct. 1388, 1403 (2011).

Petitioner contends in his objections that his claim concerning his counsel's failure to consult an expert to rebut the State's expert witness should be further investigated through an evidentiary hearing. (Rec. Doc. No. 15 at 6). Petitioner also objects to the Magistrate's Report's recommendations concerning the other ineffective assistance of counsel claims more generally. *Id.* Petitioner's claims of ineffective assistance of counsel claims a, b, c, d, and e should not be granted relief because his counsel's performance did not meet either prong of the *Strickland* test.

a. Failure to File a Motion to Quash

As discussed previously, the drugs at issue were found beneath Petitioner's driver seat both visible and within his reach. This constituted a legitimate basis to charge him with possession. *Major*, 888 So.2d 798. As also discussed previously, simply because Brock had been convicted of possession of the same marijuana, does not release Petitioner from liability of possession. *Kelly*, 800 So.2d 978. Thus, because the State had a plausible theory on which to base their charge, Petitioner's counsel had no legal reason to file a motion to quash. Counsel did not act deficiently in failing to file a meritless motion.

*See Smith v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (concluding that "counsel is not required to make futile motions or objections.") Therefore, Petitioner is not entitled to relief on this claim.

   b. <u>Failure to Call an Expert Rebuttal Witness</u>

   A "conscious and informed decision on trial tactics and strategy cannot be the basics of constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999). The decision not to call an expert in this case was within counsel's trial strategy discretion. *See Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010)("presentation of witnesses is generally a matter of trial strategy and speculation about what witnesses would have said on the stand is too uncertain"). While it is true that the record does not reflect the reasons for counsel's decision, an evidentiary hearing is not required because ample evidence exists to show that Petitioner's counsel was well prepared for cross-examination of the State's expert witness. Petitioner's counsel demonstrated this preparedness when on cross examination he (1) presented alternative theories for packaging, and (2) attacked the expert's qualifications and education. (R. at 427, 439). After reviewing the record, it is evident that Petitioner's counsel had the knowledge necessary to make a

determination of trial strategy. *Reynoso v. Giurbino*, 462 F.3d 1099, 1112 (9th Cir. 2006) (holding that counsel cannot be said to have made a tactical decision without first procuring the information necessary to make such a decision).

Furthermore, to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the Petitioner "must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman,* 566 F.3d 527, 538 (5th Cir 2009). Petitioner has not set out the name of any proposed witness nor the specific testimony that witness might supply. Moreover, Petitioner cannot show a reasonable probability exists that "but for counsel's failure to request an expert, the jury would have had a reasonable doubt concerning his guilt." *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002). Therefore, the Petitioner has not met the burden of showing ineffective assistance of counsel for failing to call an expert rebuttal witness.

c. <u>Failure to Pursue Prior Objections</u>

Petitioner alleges that his counsel erred in failing to reurge his objection to the prosecutor's comments during opening statements regarding Brock's affidavit. For the reasons previously discussed, the prosecutor's statements were not

improper, and as also discussed above, counsel is not obligated to make futile objections. *See Smith*, 907 F.2d at 585 n. 6.

d. <u>Failure to Object to Trial Evidence</u>

Petitioner alleges that the factual basis for the charges in the original bill of information were altered and amended by the State during trial, which allowed his conviction to be based on facts and elements not charged. He claims that his counsel was ineffective in failing to confront the State's reliance on such facts and elements. Respondent argues there is no requirement that the bill of information include all of the details of the crimes charged.

Petitioner has failed to provide the Court with any specificity regarding his claim. As discussed previously, the facts at trial were sufficient to support a conviction under La. Code Crim. P. art. 814(49). After reviewing the record of counsel's performance at trial, it is clear the defense competently presented challenges to the State's arguments and attempted to create reasonable doubt as to any connection between Petitioner and the marijuana. For example, Petitioner's attorney questioned prospective jurors regarding potential biases against his client. (Trial Tr. 220). Petitioner's counsel made objections when appropriate (Trial Tr. 355, 359, 371). Petitioner's counsel made intelligent opening statements. (Trial

Tr. 356). Petitioner's counsel conducted cross-examinations and introduced evidence for his client. (Trial Tr. 378-80).

Petitioner has failed to establish that his counsel was ineffective because he has not shown that his counsel was deficient enough to fall below the Sixth Amendment standard set forth in *Strickland*. Petitioner has also failed to show that there was a denial of relief contrary to federal law. Petitioner is not entitled to relief on any of his ineffective assistance of counsel claims.

Denial of Rights Under the Confrontation Clause (Claim 9)

Petitioner's final claim alleges that he was denied his rights under the Confrontation Clause when the laboratory reports of the tested marijuana were admitted into evidence without an opportunity to confront the lab analyst. A defendant has the right under the Confrontation Clause to cross-examine an expert who performed the testing or authored the report. However, states may place a defendant on notice of a prosecutor's intent to use a forensic report, notify a defendant of his right to cross examine the tester, and construe a defendant's failure to notify the state of the intent to cross examine as a waiver of his Sixth Amendment right to confrontation. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 326 (2009)(noting with approval that many states permit the defendant to assert (or forfeit by

silence) his Confrontation Clause right after receiving notice of the prosecution's intent to use a forensic analyst's report).

Louisiana has this type of notice procedure in place and exercised it in this case. (R. at 85). Under Louisiana law, forensic laboratories are authorized to provide proof of examination and analysis of physical evidence by providing a certificate from the person conducting the examination or analysis which provides certain particulars related to the transfer of evidence and the details and results of the examination and analysis. La. Rev. Stat. Ann. § 15:499. When the State intends to introduce a laboratory certificate, the prosecutor must provide written notice of its intent to do so at least 45 days prior to trial. La. Rev. Stat. Ann. § 15:501. Within 30 days of the filing of the notice by the prosecutor, the defendant may file a written demand to have the person who conducted the analysis testify. *Id*.

In *State v. Cunningham*, 903 So.2d 1110, 1120-21 (La. 2005), the Louisiana Supreme Court rejected the defendant's claim that his right of confrontation was denied where the laboratory analyst did not testify when the report was entered into evidence. The court held, in a manner similar to the analysis later utilized in *Melendez-Diaz*, that Louisiana's notice-and-demand procedure did not infringe on the defendant's constitutional right to confrontation. *Id*. at 1121.

Respondent filed a notice of intention to use certification of analysis on October 4th, 2007, at which time it was also mailed to Petitioner's attorney. (R. at 85). The certificate complied with all state law requirements. The laboratory report, therefore, complied with Louisiana law and Petitioner did not preserve his rights by demanding the presence of the preparer. He therefore waived his Sixth Amendment rights to confrontation. For these reasons, the Court should concur with the Magistrate's Report and conclude that the state courts' denial of relief was neither contrary to, nor an unreasonable application of, Supreme Court precedent.

The Magistrate's Report and Recommendation is **ADOPTED** without objections in regards to claims 5(b), 6(e), 7, and 8; **ADOPTED** with regards to claims 1, 2, 4, 5(a), 6(a)-(d), and 9. Therefore the petition for issuance of a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 13th day of June 2014.

_____

UNITED STATES DISTRICT JUDGE